IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIF-FK-B, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH SMALL, <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br> 1:17-CV-0836-TWT-CMS |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This action is before the Court on Defendant Joseph Small's application to proceed in forma pauperis and his pro se Petition for Removal from the Magistrate Court of DeKalb County, Georgia. (Doc. 1). Mr. Small's affidavit of indigency indicates the inability to pay the filing fee or incur the costs of these proceedings. (Doc. 1). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and the undersigned **GRANTS** the request for leave to proceed in forma pauperis for these proceedings only. Thus, Mr. Small is not required to pay the filing fee or other costs of this civil action.

However, because it is evident that this Court does not have jurisdiction over the dispossessory action filed against Mr. Small in the Magistrate Court of DeKalb County, the undersigned **RECOMMENDS** that this action be **DISMISSED** and **REMANDED** to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## **DISCUSSION**

Federal courts are courts of limited jurisdiction, which means that federal courts only have the power to provide a forum for some, not all, disputes. Pursuant to 28 U.S.C. § 1447(c), a district court must remand any action that has been improperly removed if the district court finds that it lacks subject matter jurisdiction (the authority to hear a dispute):

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). Accordingly, this Court must examine the Petition for Removal (Doc. 1-1) and Notice of Removal (Doc. 1-2) to determine whether the claims raised in the Magistrate Court of DeKalb County can properly be removed to this Court.

For removal to be proper, a defendant must demonstrate that the action is based on diversity jurisdiction, or that the action contains a federal question, i.e., one or more claims arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332. In other words, a defendant may remove a case to federal court only if the case could have been brought there originally. Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 711-12 (11th Cir. 1997) (citing 28 U.S.C. § 1441). The statute is strictly construed, requiring remand to the state court if any doubt exists over whether removal was proper. Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir.

2003).  The party seeking removal bears the burden to establish federal jurisdiction. Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

On the Civil Cover Sheet in this action, Mr. Small indicates that the basis of this Court's jurisdiction is federal question jurisdiction.  (Doc. 1-3).  In the Petition for Removal, Mr. Small asserts that the dispossessory proceeding filed in the Magistrate Court of DeKalb County violates the federal Fair Debt Collection Practices Act and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Doc. 1-1 at 2; Doc. 1-2 at 2).  After reviewing the attached Dispossessory Complaint (Doc. 1-1 at 4), it is apparent that there is no federal question jurisdiction over this action. The general test for whether a state court cause of action arises under federal law is the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc . v. Williams, 482 U.S. 386, 392 (1987).  The Petition for Removal does not allege, nor does the Dispossessory Complaint show, that any federal statute was relied upon in the dispossessory proceeding in the Magistrate Court of DeKalb County. Defenses or counterclaims based on federal laws or rights are not a proper basis for removal.  See Caterpillar, 482 U.S. at 393; Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); Kemp, 109 F.3d at 712 ("a case may not be removed on

the ground of a federal question defense alone, even if that defense is valid"). Because no federal question is present on the face of the Dispossessory Complaint, there is no federal jurisdiction.[1]

## CONCLUSION

Because Mr. Small has failed to establish that removal of the dispossessory proceeding is proper, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of DeKalb County. Mr. Small's motion to proceed in forma pauperis (Doc. 1) is **GRANTED** solely for the purpose of remand.

So **ORDERED, REPORTED, and RECOMMENDED** this 15th day of March, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

[1] It is also apparent that diversity jurisdiction is not present in this action because Mr. Small fails to allege any facts to show that the parties are diverse and that the amount in controversy exceeds the statutory threshold. See 28 U.S.C. § 1332(a).